## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| LAURA LOOMER, | Civil No. 0:19-cv-02322-DSD-TNL |
| Plaintiff, | |
| v. | **REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| RASHIDA HARBI TLAIB, | |
| Defendant. | |

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ......................................................................................... i

INTRODUCTION ............................................................................................... 2

ARGUMENT...................................................................................................... 2

     A.     Loomer's Religious Freedom Restoration Act Claim
             Has No Basis in Law............................................................................ 2

     B.     Loomer Offers No Support for Her Intentional Infliction
             of Emotional Distress Claim. ............................................................. 5

     C.     Loomer's Assault and Battery Claims Should Be Dismissed........................ 6

     D.     Loomer's Complaint Must Be Dismissed for Lack of Jurisdiction. .............. 7

CONCLUSION ................................................................................................. 7

## INTRODUCTION

Loomer's Brief in Response to Defendant Tlaib's Motion to Dismiss[1] offers no support in law or fact to sustain her claim under the Religious Freedom Restoration Act ("RFRA"), or her claim of Intentional Infliction of Emotional Distress ("IIED"). Both claims must be dismissed with prejudice. As for Loomer's claims of battery and assault, the conduct alleged to have occurred does not rise to the level of assault or battery as a matter of law. Finally, Loomer makes no response to Defendant's argument that should the RFRA claim be dismissed, the remainder of the case must be dismissed for lack of jurisdiction. For these reasons, Loomer's Complaint must be dismissed in its entirety.

## ARGUMENT

### A.     Loomer's Religious Freedom Restoration Act Claim Has No Basis in Law.

Loomer's RFRA claim fails on the threshold issue that Ms. Tlaib was not a "federal official" at the time of the alleged incident. As noted in Ms. Tlaib's opening brief, no court has ever allowed or even considered a RFRA claim against a candidate for Congress, whether that candidate was opposed or not. Loomer offers nothing to rebut this proposition beyond a series of arguments wholly unsupported in law.

---

[1] The pleadings continue to indicate that Mr. Klayman intends to submit a *pro hac* application in this case but he has not yet done so. To the extent Loomer is representing herself, she must personally sign pleadings pursuant to Federal Rule of Civil Procedure 11(a). As stated in Defendant's opening brief, all pleadings prior to Loomer's Response Brief had been signed "Laura Loomer/LK," indicating that Mr. Klayman was signing on Loomer's behalf. The response brief is simply signed "Laura Loomer" but the handwriting is exactly the same as the previous pleadings.

First, Loomer's claim that Ms. Tlaib is a "de facto member of the government" due to her former service in the Michigan House of Representatives fails because RFRA does not apply to state officials. The term "government" in the statute includes "official[s]…of the United States." 42 U.S.C. 2000bb-2(1); *see generally City of Boerne v. Flores*, 521 U.S. 507 (1997) (striking down portion of RFRA statute that applied to states). Thus, even if RFRA somehow applied to former *federal* officials (a proposition made without citation), it does not, by its plain terms, apply to state officials, let alone former state officials.

Second, Loomer argues that Ms. Tlaib was a federal official because she was subject to FEC regulations during her campaign. Loomer offers no support for this proposition. The FEC rules, on their face, apply to a broader category of individuals—namely, candidates for federal office who meet certain criteria, as well as organizations such as political committees. *See* 52 U.S.C. § 30101(2), (4). No case law or canon of statutory construction supports the argument that merely being subject to some form of federal regulation transforms an individual or entity into a governmental actor. *See, e.g., Listecki v. Official Comm. of Unsecured Creditors*, 780 F.3d 731, 738 (7th Cir. 2015) (finding that simply because the U.S. Trustee appointed a creditors committee and exercised some oversight over the committee did not make the committee a governmental actor); *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 839 (9th Cir. 1999) (finding that "governmental compulsion in the form of a general statute" is insufficient to transform a private entity into a governmental actor). Loomer's argument is all the more tenuous because she is not alleging that it was Ms. Tlaib's adherence to the FEC requirements that

violated her religion beliefs.  *Cf. Sutton*, 192 F.3d at 836-44.  The Court should therefore decline to find that Ms. Tlaib is a federal official who can be held liable under RFRA.

Even if Loomer could establish that Ms. Tlaib was a federal official or acting under color of law at the time of the incident, Loomer still has not alleged that a substantial burden has been placed on her exercise of religion.  Here, the only burden Loomer alleges is Ms. Tlaib's supposed interference with her so-called journalistic inquiries.  Although Loomer asserts that her work as an investigative journalist is inextricably tied to her Jewish faith, the Court need not take this claim at face value.  While courts are careful about questioning the sincerity of religious beliefs, the exercise in question must be "rooted in religion." *United States v. DeWitt*, 95 F.3d 1374, 1375 (8th Cir. 1996) (citing *Thomas v. Review Bd. of the Ind. Emp't Sec. Div.*, 450 U.S. 707, 713 (1981)).  A claimant cannot bring a RFRA claim to protect "purely secular views or personal preferences." *Id.* (citing *Frazee v. Ill. Dep't of Emp't Sec.*, 489 U.S. 829, 833 (1989)).  Loomer cites no cases suggesting that any court has considered or found investigative journalism to be an exercise of any religion.

Moreover, Loomer has not adequately alleged that a *substantial burden* has been placed on her exercise of religion.  "A substantial burden exists when the Government forces a person to act, or refrain from acting, in violation of his or her religious beliefs, by threatening sanctions, punishment, or denial of an important benefit as a consequence for noncompliance." *New Doe Child #1 v. United States*, 901 F.3d 1015, 1026 (8th Cir. 2018) (citations omitted).  A candidate for Congress declining to answer insulting questions does not come anywhere close to meeting this standard.  Indeed, Loomer's claim that she was "stopped from investigating and asking questions" is demonstrably false based on a review

4

of the video of the incident, which shows that Loomer continued to shout questions at Ms. Tlaib and Ms. Omar for several minutes at the event, even after the incident with the phone took place. Loomer was not prevented from asking these questions. *See Thomas*, 450 U.S. at 718 (a burden exists when "substantial pressure" is put on an adherent to "modify his behavior"). Loomer provides no support for the groundless proposition that RFRA entitles her to a response from the candidates. Loomer's RFRA claim must be dismissed.

### B.    Loomer Offers No Support for Her Intentional Infliction of Emotional Distress Claim.

As discussed in Defendant's opening brief, to sustain a claim of intentional infliction of emotional distress, a plaintiff must plead extreme and outrageous conduct that actually causes emotional distress. *See Hubbard v. United Press Int'l Inc.*, 330 N.W.2d 428, 438-39 (Minn. 1983). Minnesota case law is clear that bare allegations of distress are insufficient to support an IIED claim, even at the motion to dismiss stage. The allegations of distress in Loomer's Complaint at Paragraph 85 offer mere "labels and conclusions" and are therefore insufficient to maintain her claim pursuant to well-established case law. *See, e.g.*, *Bubble Pony, Inc. v. Facepunch Studios Ltd.*, No. 15-601, 2015 WL 8082708, at *4 (D. Minn. Dec. 7, 2015). Moreover, Loomer's hyperbolic characterizations of Ms. Tlaib's conduct as extreme and outrageous are simply false. The video that Loomer incorporates by reference into her Complaint shows a brief, potentially unfriendly interaction with a candidate for Congress. *See Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) (finding if an incorporated exhibit "incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls"). The remainder of Loomer's allegations at most describe

disagreements with Ms. Tlaib's policy positions. These facts, even if taken as true, are not "particularly egregious" as required to sustain an IIED claim under Minnesota law. *See Hubbard*, 330 N.W.2d at 439. Therefore, Loomer's IIED claim must be dismissed.

### C. <u>Loomer's Assault and Battery Claims Should Be Dismissed.</u>

Based on the video of the incident, which is incorporated by reference in the Complaint, the Court can find as a matter of law that Ms. Tlaib's conduct did not rise to the level of assault and battery. Loomer attempts to rely on *Watson v. United States*, 979 A.2d 1254 (D.C. App. 2009), but the only similarity with this matter is that they both involve a cellphone. In *Watson*, the court found that a husband, the defendant, intruded on his wife's space by entering her car, grabbed a cellphone out of his wife's hand during an argument and broke the phone. *Id.* at 1255. The court further found that the incident was unprovoked and that the husband's actions could be construed as threatening. *Id.* at 1255, 1257. In these circumstances, the court concluded that the evidence supported a finding of assault and battery. *Id.* at 1257.

Here, on the other hand, Loomer pursued Ms. Tlaib, and was asking questions with her phone raised. While Ms. Tlaib's act of reaching out to move the phone out of her line of sight may have been abrupt, the Court should find that the conduct was "momentary, indirect, and incidental," like the court found in *Wishnatsky v. Huey*, 584 N.W.2d 859, 862 (N.D. App. 1998). Furthermore, unlike in *Watson*, the surrounding circumstances do not support a claim of an assault or battery. There was no argument taking place, and Ms. Tlaib does not appear angry and does not yell or use any violent language. This Court should therefore dismiss Loomer's assault and battery claims.

**D.   Loomer's Complaint Must Be Dismissed for Lack of Jurisdiction.**

Loomer makes no response to Defendant's argument that should her RFRA claim be dismissed, the remainder of the Complaint must also be dismissed for lack of jurisdiction because Loomer cannot meet the amount in controversy required for diversity jurisdiction. Once jurisdiction is challenged by the defendant, the plaintiff must establish jurisdiction by a preponderance of the evidence. *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002) (citations omitted). Because Loomer makes no argument in support of jurisdiction, if the Court dismisses the RFRA claim, then it should dismiss the remainder of the Complaint without further inquiry. *See Albert v. GEICO Gen. Ins. Co.*, No. 18-cv-113, 2019 WL 1058251, at *3 (D. Minn. March 5, 2019) (finding when plaintiff submitted no evidence in support of jurisdictional amount that plaintiff had not met his burden of proof).

## CONCLUSION

For these reasons, and the reasons stated in Defendant's opening brief, Loomer's Complaint should be dismissed in its entirety.

Dated:  December 3, 2019          LOCKRIDGE GRINDAL NAUEN P.L.L.P.


                                  s/Charles N. Nauen
                                  Charles N. Nauen (#121216)
                                  David J. Zoll (#0330681)
                                  Rachel A. Kitze Collins (#0396555)
                                  100 Washington Avenue South, Suite 2200
                                  Minneapolis, MN 55401-2159
                                  (612) 339-6900
                                  cnnauen@locklaw.com
                                  djzoll@locklaw.com
                                  rakitzecollins@locklaw.com

                                  **ATTORNEYS FOR DEFENDANT**
                                  **RASHIDA TLAIB**