Laura Loomer,

       Plaintiff,

v.                                               ORDER

Rashida Harbi Tlaib,

       Defendant.

This matter is before the court upon the motion to dismiss by defendant Rashida Harbi Tlaib. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is granted and the case is dismissed with leave to file certain claims in state court.

**BACKGROUND**

This dispute arises out of an interaction between pro se[1] plaintiff Laura Loomer and now-Congresswoman Tlaib in August 2018. Loomer is an investigative journalist who focuses on "issues, news, and events of concern to Jewish-Americans, terrorism, and other matters of extreme public importance." Compl. ¶ 9. At the time of the incident, Tlaib was a candidate for the United States House

---

[1] Loomer appears to have been assisted in this matter by "of counsel" Larry Klayman, who is not admitted in this District and has not moved for admission pro hac vice. As such, the court considers Loomer to be appearing pro se.

of Representatives in Michigan's 13th Congressional District.  Id. ¶ 32.  On August 11, 2018, then-candidate Tlaib attended a campaign event with fellow congressional candidate Ilhan Omar in Minneapolis.  Id. ¶ 18.  The incident was captured on video.[2]

As shown in the video, Tlaib held Loomer's hands while they greeted each other.  Loomer then pointedly questioned Tlaib about her position on certain foreign policy issues.  Id. ¶¶ 24-30.  Loomer alleges that during her questioning, Tlaib "violently grabbed" Loomer's cell phone.  Id. ¶ 21.  Referencing the video of the incident, Loomer also alleges that Tlaib "physically hit and batter[ed]" her, id. ¶ 67, "physically attacked" her, id. ¶ 75, and "reached out with her hand and struck" her, id. ¶ 76.

The court has reviewed the video and finds that there were two points of physical contact between the parties.  One occurred when Tlaib held Loomer's hand and the other when Tlaib took Loomer's cell phone.  Because Loomer does not allege any contact beyond what took place in the video, the court understands Loomer's allegations to be characterizations of those two points of contact.

On August 22, 2019, Loomer filed this action alleging assault, battery, intentional infliction of emotional distress, and violations of the Religious Freedom Restoration Act.  She claims

---

[2] Loomer expressly incorporates the video into the complaint by reference.  See Compl. ¶¶ 22, 24, 67, 75, 76.

2

that she suffered unspecified physical injuries and emotional distress as a result of Tlaib's actions and that she feared "imminent serious bodily injury or death." Id. ¶¶ 69, 71. She seeks $500,000 in actual and compensatory damages and $2 million in punitive damages. Loomer alleges diversity and federal question jurisdiction. Id. ¶¶ 2-3.

## DISCUSSION

**I. Standard of Review**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not enough to state a claim. Iqbal, 556 U.S. at

3

678 (citation and internal quotation marks omitted).

The court liberally construes pro se complaints and will dismiss an action only if it appears beyond doubt that the plaintiff "can allege no set of facts which would support an exercise of jurisdiction." Sanders v. United States, 760 F.2d 869, 871 (8th Cir. 1985).

The court does not consider matters outside the pleadings under Rule 12(b)(6). Fed. R. Civ. P. 12(d). The court may, however, consider matters of public record and materials that are "necessarily embraced by the pleadings." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and internal quotation marks omitted). Here, the court considers the video of the incident in question, which Loomer incorporates by reference into the complaint and references throughout the complaint. See Bogie v. Rosenberg, 705 F.3d 603, 608-09 (7th Cir. 2013) (upholding the district court's decision on a motion to dismiss to consider a video incorporated into and attached to the complaint and to "weigh[] its contents against the complaint's allegations"); see also Zean v. Fairview Health Servs., 858 F.3d 520, 526 (8th Cir. 2017) ("In general, materials embraced by the complaint include 'documents whose contents are alleged in a

complaint and whose authenticity no party questions, but which are not physically attached to the pleadings.'").[3]

**II. Religious Freedom Restoration Act (RFRA)**

Loomer alleges that then-candidate Tlaib violated her rights under the RFRA by "violently attacking" her in an attempt to "shut down her attempts to gather news and inform the public of Rashida Tlaib's attacks on Israel and Jews." Compl. ¶ 95.

The RFRA prohibits the government from "substantially burden[ing] a person's exercise of religion." 42 U.S.C. § 2000bb-1(a). A plaintiff makes a prima facie claim under RFRA by establishing the following elements: "(1) a substantial burden imposed by the federal government on a (2) sincere (3) exercise of religion." Loop v. United States, No. 05-575, 2006 WL 1851140, at *2 (D. Minn. June 30, 2006) (citing Kimkura v. Hurley, 242 F.3d 950, 960 (10th Cir. 2001)).

Tlaib argues that the RFRA does not apply here because she was not a governmental actor. The court agrees. Under the RFRA,

---

[3] Loomer effectively attached the video to the complaint by providing its web address. See Compl. ¶ 22. Because the video can no longer be found at that address, Tlaib provided an updated web address for the video. Def's. Supp. Mem. at 2 n.1. Loomer does not dispute the accuracy of the video located at the new address, nor does she contend that the court should not consider the video in the context of this motion.

the term "government" means "a branch, department, agency, instrumentality, and official (or other person acting under color of law) of the United States, or of a covered entity." 42 U.S.C. § 2000bb-2(1). At the time of the incident, Tlaib was a candidate for the House of Representatives, which means that she was not an official acting on behalf of the United States. Loomer argues that Tlaib was a de facto member of the government at the time because she (1) ran unopposed for her seat and was all but assured victory, (2) was a former state legislator, and (3) was at the event to raise money to run for public office. Loomer cites to no authority to support her arguments and the court can find none. As a result, Loomer simply cannot establish governmental action as is required to state a claim under the FRFA.

The court also notes that Loomer has failed to allege facts to support a finding that the incident burdened her exercise of religion at all, let alone substantially. "A substantial burden exists when the Government forces a person to act, or refrain from acting, in violation of his or her religious beliefs, by threatening sanctions, punishment, or denial of an important benefit as a consequence for noncompliance." New Doe Child #1 v. United States, 901 F.3d 1015, 1026 (8th Cir. 2018). Loomer has not met this high bar. The video shows Loomer continually asking questions of Tlaib, even after their physical contact. She was

6

not restricted from speaking, nor was she removed from the event. Although Tlaib refused to answer Loomer's questions, thereby frustrating Loomer's desire to debate the merits of their policy disagreements, Loomer was not restricted from exercising her freedom of religion. The RFRA claim therefore fails as a matter of law.

**III. Intentional Infliction of Emotional Distress (IIED)**

Loomer also alleges that Tlaib's conduct constituted IIED. Under Minnesota law, IIED requires that "(1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe." Hubbard v. United Press Int'l, Inc., 330 N.W.2d 428, 438–39 (Minn. 1983). Conduct is considered extreme or outrageous only when it is "so atrocious that it passes the boundaries of decency and is utterly intolerable to the civilized community." Id. at 439 (citation and internal quotation marks omitted). Moreover, a plaintiff must show that the defendant "intend[ed] to cause severe emotional distress or proceed[ed] with the knowledge that it is substantially certain, or at least highly probable, that severe emotional distress will occur." K.A.C. v. Benson, 527 N.W.2d 553, 560 (Minn. 1995).

Loomer has failed to adequately allege any of the required elements on an IIED claim. She does not plausibly allege that

7

Tlaib's actions passed the boundaries of decency or that Tlaib intentionally or recklessly caused severe emotional distress. Although the complaint attempts to characterize Tlaib's conduct as atrocious, the video neither shows outrageous behavior nor an intent to cause severe emotional distress. See Stadther v. Dep't of Homeland Sec., No. 11-1297, 2012 WL 4372570, at *3 (D. Minn. Aug. 7, 2012) (citing Massey v. Merrill Lynch & Co., 464 F.3d 642, 645 (7th Cir. 2006)) ("When a complaint's allegations conflict with the attached exhibits, the facts in the exhibits typically control.").

Further, Loomer only cursorily alleges that Tlaib's conduct caused her "mental, physical, emotional pain, distress, and anguish." Compl. ¶ 85. As noted, "labels and conclusions or a formulaic recitation of the elements of a cause of action" are insufficient to state a claim.[4] Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted). As a result, the IIED claim also fails as a matter of law.

## IV. Jurisdiction

Because the court has dismissed Loomer's sole federal claim,

---

[4] Given the facial inadequacy of the allegations, the court need not consider the video to determine whether Loomer adequately pleaded the requisite emotional distress. The video nevertheless further undermines Loomer's claim because it does not evince that she was distressed, even after the parties' physical contact.

8

there is no longer a basis for federal question jurisdiction. The court therefore must determine whether the remaining assault and battery claims are sufficient to confer diversity jurisdiction.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). As to the latter point there is no dispute. Tlaib argues, however, that Loomer cannot establish the required amount in controversy. Loomer argues that she readily meets the monetary threshold because she seeks $500,000 in actual and compensatory damages and more than $2 million in punitive damages. Compl. at 17.

Where the complaint on its face alleges damages in excess of the jurisdictional amount and, "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed ... the suit will be dismissed." St. Paul Mercury Indem. Co. v. Red Cab. Co., 303 U.S. 283, 289 (1938); see Schubert v. Auto Owners Ins. Co., 649 F.3d 817, 822 (8th Cir. 2011) ("Although the sum claimed by the plaintiff in good faith is usually dispositive, it does not control where it appears to a legal certainty the plaintiff's claim is actually for less than the jurisdictional amount."). "If the defendant challenges the plaintiff's allegations of the amount in controversy, then the plaintiff must establish jurisdiction by a preponderance of the

evidence." Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC, 620 F.3d 926, 931 (8th Cir. 2010) (citation and internal quotation marks omitted).

Here, it is apparent to a legal certainty that Loomer cannot recover the jurisdictional amount, let alone the amount claimed. Loomer's IIED claim must be dismissed for failure to state a claim, and she has alleged no specific injury whatsoever from the alleged assault and battery that could even theoretically result in a damages award of more than $75,000. When challenged by Tlaib, Loomer submitted no evidence or further argument in support of her claimed damages. Her failure to do so is dispositive. See Albert v. GEICO Gen. Ins. Co., No. 18-113, 2019 WL 1058251, at *3 (D. Minn. Mar. 5, 2019) (dismissing case for failing to meet jurisdictional amount because the plaintiff failed to support his claimed damages when challenged by the defendant). As a result, the court lacks diversity jurisdiction over this case.

The court may nevertheless consider whether to exercise supplemental jurisdiction over the remaining state-law claims for assault and battery. See 28 U.S.C. § 1367(c)(3); Johnson v. City of Shorewood, Minn., 360 F.3d 810, 819 (8th Cir. 2004). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - judicial economy, convenience, fairness,

and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims." Dodson v. Univ. of Ark. for Med. Scis., 601 F.3d 750, 756 (8th Cir. 2010) (per curiam) (quoting Carnegie-Mellon Univ. v. Cahill, 484 U.S. 343, 350 n.7 (1988)); see also Kapaun v. Dziedzic, 674 F.2d 737, 739 (8th Cir. 1982) ("The normal practice where federal claims are dismissed prior to trial is to dismiss pendent claims without prejudice, thus leaving plaintiffs free to pursue their state-law claims in the state courts.").

Based on consideration of the above-stated factors, the court declines to exercise supplemental jurisdiction over the assault and battery claims, which depend solely on determinations of state law. See Farris v. Exotic Rubber & Plastics of Minn., Inc., 165 F. Supp. 2d 916, 919 (D. Minn. 2001) ("State courts, not federal courts, should be the final arbiters of state law.") (quoting Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1353 (11th Cir. 1997)). Further, the parties have yet to engage in discovery, and the court has not expended substantial resources tending to this matter. Under the circumstances, the court is satisfied that declining to exercise supplemental jurisdiction will not harm the parties or the proceedings. The court therefore dismisses the assault and battery claims without prejudice.

## CONCLUSION

Accordingly, based on above, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss [ECF No. 7] is granted;

2. The Religious Freedom Restoration Act and Intentional Infliction of Emotional Distress claims are dismissed with prejudice; and

3. The assault and battery claims are dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 16, 2019

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court